

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA | No. 1:19-cr-57 (LO) |
| | |
| v. | Count 1 |
| | Conspiracy to distribute |
| | controlled substances |
| PETER LE | 21 U.S.C. § 846 |
| (Counts 1-2, 5-6, 13-14, 22) | |
| | |
| DANE NICHOLAS HUGHES | Counts 2-6 |
| (Counts 1, 3-4, 13-14) | Maintaining drug- |
| | involved premises, |
| ANTHONY NGUYEN THANH LE | 21 U.S.C. § 856 |
| (Count 1, 13-14) | |
| | Counts 7-13, 15-16 |
| ANGEL HOANG LE | Distribution of cocaine |
| (Counts 1-2, 5-6) | 21 U.S.C. § 841 |
| | |
| JOSEPH DUK-HYUN LAMBORN | Count 14 |
| (Counts 1, 22) | Distribution of marijuana |
| | 21 U.S.C. § 841 |
| SPENCER PAK | |
| (Counts 1, 7-12, 15-18, 24-25) | Counts 17-23 |
| | Use, carry, and/or possess |
| RICHARD PAK | firearms during drug |
| (Counts 1, 7-12, 15-16, 19-21 | trafficking offenses |
| 23, 26-27) | 18 U.S.C. § 924(c) |
| | |
| ██████████ | Counts 24-26 |
| (Count 1) | Possession of firearms by |
| | prohibited persons |
| TASNEEF AHMED CHOWDHURY | 18 U.S.C. § 922(g) |
| (Count 1) | |
| | Count 27 |
| JOSHUA ANDREW MILIARESIS | False statement during a |
| (Count 1) | firearms purchase |
| | 18 U.S.C. §§ 2 and 924(a)(1)(A) |
| SANG THANH HUYNH | |
| (Count 1) | Forfeiture |
| | |
| ██████████ | |
| (Count 1) | |

YOUNG YOO                                    )
    (Counts 1, 22)                          )
                                            )
DAVID THAI HOANG NGUYEN                       )
    (Count 1)                               )
                                            )
    ███████████████                         )
    (Count 1)                               )
                                            )
    ███████████                             )
    (Count 1)                               )
                                            )
KHALIL YASIN                                  )
    (Count 1)                               )
                                            )
KYU WA HONG                                   )
    (Count 1)                               )
                                            )
SASCHA AMADEUS CARLISLE                       )
    (Count 1)                               )
                                            )
FAHAD FAKRUDIN ABDULKADIR                     )
    (Count 1)                               )
                                            )
                Defendants.              )

**August 2019 Term - At Alexandria**

**THIRD SUPERSEDING INDICTMENT**

**Count 1**

**Conspiracy**

THE GRAND JURY CHARGES THAT:

Beginning in or about 2010, and continuing thereafter up to and including

in or about March 2019, the exact dates being unknown to the grand jury, in the

Eastern District of Virginia and elsewhere, the defendants, PETER LE (a/k/a

Savage, Loki, and Lorton King), DANE NICHOLAS HUGHES (a/k/a Dream),

ANTHONY NGUYEN THANH LE (a/k/a Ant), ANGEL HOANG LE, JOSEPH

DUK-HYUN LAMBORN (a/k/a Joe Yu, Trigga), SPENCER PAK (a/k/a

Pakstacks), RICHARD PAK (a/k/a Teddy, T, 27), ▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬, TASNEEF AHMED CHOWDHURY (a/k/a Taz, Tas),

JOSHUA ANDREW MILIARESIS, SANG THANH HUYNH (a/k/a Cinco),

▬▬▬▬▬▬▬▬▬▬▬, YOUNG YOO (a/k/a YG), DAVID THAI

HOANG NGUYEN (a/k/a DD), ▬▬▬▬▬▬▬▬▬▬

▬▬, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬, KHALIL YASIN (a/k/a

Shino), KYU WA HONG (a/k/a Alex Hoang, Starter), SASCHA AMADEUS

CARLISLE (a/k/a Sosa, Wolf), and FAHAD FAKRUDIN ABDULKADIR (a/k/a

Slick), did unlawfully, knowingly, and intentionally combine, conspire,

confederate, and agree with each other and with other persons, both known and

unknown to the grand jury, to commit the following offenses:

(1)  to unlawfully, knowingly, and intentionally distribute five hundred

grams or more of a mixture and substance containing of a detectable amount of

cocaine, a Schedule II controlled substance, in violation of Title 21, United States

Code, Section 841(a)(1) and (2);

(2)  to unlawfully, knowingly, and intentionally distribute one thousand

kilograms or more of marijuana, a Schedule I controlled substance, in violation of

Title 21, United States Code, Section 841(a)(1) and (2);

(3)  to unlawfully, knowingly, and intentionally distribute a mixture and

substance containing a detectable amount of tetrahydrocannabinol (THC), a

Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (2);

(4)  to unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of alprazolam (Xanax), a Schedule IV controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (2);

(5)  to unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of 3,4-Methylenedioxy methamphetamine (a/k/a MDMA, ecstasy, molly), a Schedule I controlled substance;

(6)  to unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of lysergic acid diethylamide (a/k/a LSD), a Schedule I controlled substance;

(7)  to unlawfully knowingly, and intentionally manufacture, distribute, and possess with the intent to manufacture and distribute 1,000 or more marijuana plants, in violation of Title 21, United States Code, Section 841(a)(1) and (2);

(8)  to unlawfully, knowingly, and intentionally lease, rent, use, and maintain a place for the purpose of distributing and using controlled substances, in violation of Title 21, United States Code, Section 856;

(9)  to unlawfully, knowingly, and intentionally distribute controlled substances to persons under the age of twenty-one, in violation of Title 21, United States Code, Section 859;

-4-

(10)  to unlawfully, knowingly, and intentionally distribute controlled substances within 1,000 feet of a public school, in violation of Title 21, United States Code, Section 860;

(11)  to unlawfully, knowingly, and intentionally employ, hire, use, persuade, induce, and entice persons under 18 years of age to violate the provisions of Title 21 of the United States Code, including Title 21, United States Code, Sections 841, 856, 859, and 860; and to unlawfully, knowingly, and intentionally employ, hire, use, persuade, induce, and entice persons under 18 years of age to assist in avoiding detection for any such offense, all in violation of Title 21, United States Code, Section 861; and

(12)  to unlawfully, knowingly, and intentionally sell drug paraphernalia and to use the mails and other facilities of interstate commerce to transport drug paraphernalia, that is, devices for use in compounding, converting, concealing, producing, processing, preparing, ingesting, inhaling, or otherwise introducing into the human body unlawful controlled substances, including THC and marijuana and products derived from marijuana, in violation of Title 21, United States Code, Section 863.

All in violation of Title 21, United States Code, Section 846

## Count 2

### Maintaining Drug-Involved Premises

THE GRAND JURY FURTHER CHARGES THAT:

From in or about March 2017, and continuing until in or about January 2018, in Lorton, Virginia, in the Eastern District of Virginia, the defendants, PETER LE and ANGEL HOANG LE, did unlawfully, knowingly, and intentionally lease, rent, use, and maintain a place for the purpose of distributing and using marijuana, THC, and other controlled substances.

All in violation of Title 21, United States Code, Section 856

**Count 3**

**Maintaining Drug-Involved Premises**

THE GRAND JURY FURTHER CHARGES THAT:

From in or about February 2018, and continuing until in or about

September 2018, in Fairfax Station, Virginia, in the Eastern District of Virginia,

the defendant, DANE NICHOLAS HUGHES, did unlawfully, knowingly, and

intentionally lease, rent, use, and maintain a place for the purpose of distributing

and using marijuana, THC, and other controlled substances.

All in violation of Title 21, United States Code, Section 856

**Count 4**

**Maintaining Drug-Involved Premises**

THE GRAND JURY FURTHER CHARGES THAT:

From in or about September 2018, and continuing until in or about February 2019, in Richmond, Virginia, in the Eastern District of Virginia, the defendant, DANE NICHOLAS HUGHES, did unlawfully, knowingly, and intentionally lease, rent, use, and maintain a place for the purpose of distributing and using marijuana, THC, and other controlled substances.

All in violation of Title 21, United States Code, Section 856

## Count 5

### Maintaining Drug-Involved Premises

THE GRAND JURY FURTHER CHARGES THAT:

From in or about November 2017, and continuing until in or about September 2018, in Merrifield, Virginia, in the Eastern District of Virginia, the defendants, PETER LE and ANGEL HOANG LE, did unlawfully, knowingly, and intentionally lease, rent, use, and maintain a place for the purpose of distributing and using marijuana, THC, and other controlled substances.

All in violation of Title 21, United States Code, Section 856

## Count 6

### Maintaining Drug-Involved Premises

THE GRAND JURY FURTHER CHARGES THAT:

From in or about September 2018, and continuing until in or about March 2019, in Dunn Loring, Virginia, in the Eastern District of Virginia, the defendants, PETER LE and ANGEL HOANG LE, did unlawfully, knowingly, and intentionally lease, rent, use, and maintain a place for the purpose of distributing and using marijuana, THC, and other controlled substances.

All in violation of Title 21, United States Code, Section 856

**Count 7**

**Distribution of Cocaine**

THE GRAND JURY FURTHER CHARGES THAT:

On or about August 30, 2017, in Chantilly, Virginia, in the Eastern District of Virginia, the defendants, SPENCER PAK and RICHARD PAK, did unlawfully, knowingly, and intentionally distribute approximately one-half ounce (14 grams) of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1)

## Count 8

### Distribution of Cocaine

THE GRAND JURY FURTHER CHARGES THAT:

On or about September 26, 2017, in Chantilly, Virginia, in the Eastern District of Virginia, the defendants, SPENCER PAK and RICHARD PAK, did unlawfully, knowingly, and intentionally distribute approximately one ounce (28 grams) of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1)

**Count 9**

**Distribution of Cocaine**

THE GRAND JURY FURTHER CHARGES THAT:

On or about October 25, 2017, in Chantilly, Virginia, in the Eastern District of Virginia, the defendants, SPENCER PAK and RICHARD PAK, did unlawfully, knowingly, and intentionally distribute approximately two ounces (55 grams) of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1)

## Count 10

### Distribution of Cocaine

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 12, 2018, in Chantilly, Virginia, in the Eastern District of Virginia, the defendants, SPENCER PAK and RICHARD PAK, did unlawfully, knowingly, and intentionally distribute approximately two ounces (56 grams) of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1)

## Count 11

### Distribution of Cocaine

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 15, 2018, in Chantilly, Virginia, in the Eastern District of Virginia, the defendants, SPENCER PAK and RICHARD PAK, did unlawfully, knowingly, and intentionally distribute approximately four ounces (112 grams) of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1)

**Count 12**

**Distribution of Cocaine**

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 31, 2018, in Chantilly, Virginia, in the Eastern District of Virginia, the defendants, SPENCER PAK and RICHARD PAK, did unlawfully, knowingly, and intentionally distribute approximately six ounces (168 grams) of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1)

**Count 13**

**Distribution of Cocaine**

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 12, 2018, in Annandale, Virginia, in the Eastern District of Virginia, the defendants, PETER LE, DANE NICHOLAS HUGHES, and ANTHONY NGUYEN THANH LE, did unlawfully, knowingly, and intentionally distribute approximately five ounces (138 grams) of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1)

-17-

**Count 14**

**Distribution of Marijuana**

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 12, 2018, in Annandale, Virginia, in the Eastern District of Virginia, the defendants, PETER LE, DANE NICHOLAS HUGHES, and ANTHONY NGUYEN THANH LE, did unlawfully, knowingly, and intentionally distribute approximately three pounds (1,332 grams) of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1)

**Count 15**

**Distribution of Cocaine**

THE GRAND JURY FURTHER CHARGES THAT:

On or about August 21, 2018, in Chantilly, Virginia, in the Eastern District of Virginia, the defendants, SPENCER PAK and RICHARD PAK, did unlawfully, knowingly, and intentionally distribute approximately six ounces (166 grams) of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1)

## Count 16

### Distribution of Cocaine

THE GRAND JURY FURTHER CHARGES THAT:

On or about September 25, 2018, in Centreville, Virginia, in the Eastern District of Virginia, the defendants, SPENCER PAK and RICHARD PAK, did unlawfully, knowingly, and intentionally distribute approximately three ounces (86 grams) of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1)

**Count 17**

**Use, Carry, and Possess a Firearm during a Drug Trafficking Offense**

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 11, 2015, in Centreville, Virginia, in the Eastern District of Virginia, the defendant, SPENCER PAK, did unlawfully and knowingly use, carry, brandish, and discharge a firearm, that is, a handgun, during and in relation to a drug trafficking crime, that is, the conspiracy to distribute controlled substances, as set forth and charged in Count 1 of this Third Superseding Indictment, which is re-alleged and incorporated herein by reference, and did aid, abet, and assist in the commission of this offense.

All in violation of Title 18, United States Code, Sections 2 and 924(c)

**Count 18**

**Use, Carry, and Possess a Firearm during a Drug Trafficking Offense**

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 24, 2017, in Centreville, Virginia, in the Eastern District of Virginia, the defendant, SPENCER PAK, did unlawfully and knowingly use and carry a firearm, that is, a semi-automatic pistol, during and in relation to a drug trafficking crime, and did unlawfully and knowingly possess said firearm in furtherance of a drug trafficking crime, that is, the conspiracy to distribute controlled substances, as set forth and charged in Count 1 of this Third Superseding Indictment, which is re-alleged and incorporated herein by reference.

All in violation of Title 18, United States Code, Section 924(c)

**Count 19**

**Use, Carry, and Possess a Firearm during a Drug Trafficking Offense**

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 31, 2018, in Chantilly, Virginia, in the Eastern District of Virginia, the defendant, RICHARD PAK, did unlawfully and knowingly use and carry a firearm during and in relation to a drug trafficking crime, and did unlawfully and knowingly possess said firearm in furtherance of a drug trafficking crime, that is, the conspiracy to distribute controlled substances, as set forth and charged in Count 1 of this Third Superseding Indictment, and the distribution of cocaine, as set forth and charged in Count 12 of this Third Superseding Indictment, which are re-alleged and incorporated herein by reference.

All in violation of Title 18, United States Code, Section 924(c)

**Count 20**

**Use, Carry, and Possess a Firearm during a Drug Trafficking Offense**

THE GRAND JURY FURTHER CHARGES THAT:

On or about August 21, 2018, in Chantilly, Virginia, in the Eastern District of Virginia, the defendant, RICHARD PAK, did unlawfully and knowingly use and carry a firearm during and in relation to a drug trafficking crime, and did unlawfully and knowingly possess said firearm in furtherance of a drug trafficking crime, that is, the conspiracy to distribute controlled substances, as set forth and charged in Count 1 of this Third Superseding Indictment, and the distribution of cocaine, as set forth and charged in Count 15 of this Third Superseding Indictment, which are re-alleged and incorporated herein by reference.

All in violation of Title 18, United States Code, Section 924(c)

## Count 21

**Possession of a Firearm in Furtherance of a Drug Trafficking Offense**

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 18, 2018, in Chantilly, Virginia, in the Eastern District of Virginia, the defendant, RICHARD PAK, did unlawfully and knowingly possess a firearm, that is, a Glock Model 26 semi-automatic pistol, in furtherance of a drug trafficking crime, that is, the conspiracy to distribute controlled substances, as set forth and charged in Count 1 of this Third Superseding Indictment, which is re-alleged and incorporated herein by reference, and the distribution of marijuana, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 18, United States Code, Section 924(c)

**Count 22**

**Use, Carry, and Possess a Firearm during Drug Trafficking**

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 31, 2019, and continuing to on or about February 1, 2019, in the Eastern District of Virginia, the defendants, PETER LE, JOSEPH DUK-HYUN LAMBORN, and YOUNG YOO, did unlawfully and knowingly use and carry a firearm during and in relation to a drug trafficking crime, and did unlawfully and knowingly possess a firearm in furtherance of that drug trafficking crime, that is, the conspiracy to distribute controlled substances, as set forth and charged in Count 1 of this Third Superseding Indictment, which is re-alleged and incorporated herein by reference.

All in violation of Title 18, United States Code, Section 924(c)

**Count 23**

**Use, Carry, and Possess a Firearm during a Drug Trafficking Offense**

THE GRAND JURY FURTHER CHARGES THAT:

On or about February 16, 2019, in Loudoun County, Virginia, in the Eastern District of Virginia, the defendant, RICHARD PAK, did unlawfully and knowingly use and carry a firearm, that is, a Glock Model 26 semi-automatic pistol, during and in relation to a drug trafficking crime, and did unlawfully and knowingly possess said firearm in furtherance of a drug trafficking crime, that is, the conspiracy to distribute controlled substances, as set forth and charged in Count 1 of this Third Superseding Indictment, which is re-alleged and incorporated herein by reference.

All in violation of Title 18, United States Code, Section 924(c)

## Count 24

### Possession of a Firearm by a Prohibited Person

THE GRAND JURY CHARGES THAT:

On or about August 19, 2016, in Centreville, Virginia, in the Eastern District of Virginia, the defendant, SPENCER PAK, knowing that he was an unlawful user of a marijuana, a controlled substance, did unlawfully and knowingly possess, in and affecting commerce, a firearm, that is, a semi-automatic rifle, said firearm having travelled in interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)

**Count 25**

**Possession of a Firearm by a Prohibited Person**

THE GRAND JURY CHARGES THAT:

In or about November 24, 2017, in Centreville, Virginia, in the Eastern District of Virginia, the defendant, SPENCER PAK, knowing that he was an unlawful user of marijuana, a controlled substance, did unlawfully and knowingly possess, in and affecting commerce, a firearm, that is, a semi-automatic pistol, said firearm having travelled in interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)

## Count 26

### Possession of a Firearm by a Prohibited Person

THE GRAND JURY CHARGES THAT:

On or about May 31, 2018, in Chantilly, Virginia, in the Eastern District of Virginia, the defendant, RICHARD PAK, knowing that he was an unlawful user of marijuana and cocaine, controlled substances, did unlawfully and knowingly possess, in and affecting commerce, a firearm, that is, a semi-automatic pistol, said firearm having travelled in interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)

**Count 27**

**False Statement during a Firearm Purchase**

THE GRAND JURY FURTHER CHARGES THAT:

On or about November 18, 2018, in Chantilly, Virginia, in the Eastern District of Virginia, the defendant, RICHARD PAK, did willfully cause a person, and did knowingly aid, abet, and induce said person, to knowingly make a false statement and representation to a business licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of such business, in that the person did knowingly execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, stating that the person was the actual transferee/buyer of the firearm listed on the form, that is: one Glock Model 26 pistol, when the person was not the actual transferee/buyer, but was, in fact, acquiring the firearm for the defendant, RICHARD PAK.

All in violation of Title 18, United States Code, Sections 2 and 924(a)(1)(A)

## Forfeiture

THE GRAND JURY FURTHER CHARGES THAT:

The defendants, PETER LE (a/k/a Savage, Loki, and Lorton King), DANE

NICHOLAS HUGHES (a/k/a Dream), ANTHONY NGUYEN THANH LE (a/k/a

Ant), ANGEL HOANG LE, JOSEPH DUK-HYUN LAMBORN (a/k/a Joe Yu,

Trigga), SPENCER PAK (a/k/a Pakstacks), RICHARD PAK (a/k/a Teddy, T, 27),

███████████████████████████████, TASNEEF AHMED

CHOWDHURY (a/k/a Taz, Tas), JOSHUA ANDREW MILIARESIS, SANG

THANH HUYNH (a/k/a Cinco), ████████████████████, YOUNG YOO

(a/k/a YG), DAVID THAI HOANG NGUYEN (a/k/a DD), ████████████

███████████████████, ██████████████████████████

████████████████████, KYU WA HONG (a/k/a Alex Hoang, Starter),

SASCHA AMADEUS CARLISLE (a/k/a Sosa, Wolf), and FAHAD FAKRUDIN

ABDULKADIR (a/k/a Slick), if convicted of the offense charged in Count 1 of

this indictment, shall forfeit to the United States any property constituting, or

derived from, any proceeds the defendant obtained, directly or indirectly, as the

result of such violation and any of the defendant's property used, or intended to

be used, in any manner or part, to commit or to facilitate the commission of such

violation.

Pursuant to Title 21, United States Code, Section 853(a)

A TRUE BILL:

**Pursuant to the E-Government Act,,
The original of this page has been filed
under seal in the Clerk's Office**

_____
FOREPERSON

G. Zachary Terwilliger
United States Attorney

By: _____
James L. Trump
Carina Cuellar
Assistant United States Attorneys