UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| V. ] | Case No.: 1:19-cr-00057-20 LO |
| ] | |
| FAHAD FAKRUDIN ABDULKADIR ] | |
|     Defendant ] | |

## MEMORANDUM IN SUPPORT OF PRE-TRIAL MOTIONS

Rule 14 of the Federal Rules of Criminal Procedure provides in part that:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection *in camera* any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

Mr. Abdulkadir is charged in only one count of a twenty count indictment, that incloses close to a score of co-defendants. Although Discovery is on-going, that which has been reviwed by counsel, demonstrates that the vast majority of evidence is against other defendants.

In *United States v. Sampol*, 204 U.S. App. D.C. 349, 636 F.2d 621 (1980) (*per curium*) the court found that severance should have been granted given, in part, the disparity of the evidence. Similarly, in *United States v. Mardian*, 546 F.2d 973 (1976) the court found that severance should be granted when the evidence against a co-defendant is "far more damaging"

than the evidence against the defendant raising the specter of guilt by association.

In *Zafiro v. United States*, 113 S.Ct. 933 (1993) the Supreme Court recognized that severance is required under Rule 14 if there is a risk that a proposed joint trial would "prevent the jury from making a reliable judgment about guilt or innocence." *Id*. at 938. Accord *United States v. Najjar*, 300 F.3d 466, 473 (4th Cir. 2002). The Court cautioned that especially when "many defendants are tried together in a complex case and they have markedly different degrees of culpability, the risk of prejudice is heightened." The Court specifically warned that "evidence of a co-defendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty." *Id.* Defense Counsel believes that very condition exists in this matter.

Severance is also requested, if required, in accordance with *Bruton v. United States*, 891 U.S. 123 (1968) and its progeny. The United States has not advised counsel that "*Bruton*" type statements may exist and has yet to provide full discovery in this case. If, in fact, statements do exist counsel seeks severance if the statement names him as a co-conspirator or if the United States attempts to delete his name and substitute a pronoun or other reference. In *Grey v. Maryland*, 118 S.Ct. 1151 (1998) the Supreme Court stated that redacted confessions that identify other parties without specifically naming them cannot be used at trial. Furthermore, a defendant may be prejudiced by the admission in evidence against a co-defendant of a statement or confession made by that co-defendant. This prejudice cannot be dispelled by cross-examination if the co-defendant does not take the stand (which is Mr. Abdulkadir's constitutionally protected right). Limiting instructions to the jury may not in fact erase the prejudice. While the question whether to grant a severance is generally left within the discretion of the trial court, recent Fifth Circuit cases have found sufficient prejudice involved to make

denial of a motion for severance reversible error. See *Schaffer v. United States*, 221 F.2d 17 (5th Cir. 1955); *Barton v. United States*, 263 F.2d 894 (5th Cir. 1959)

WHEREFORE counsel respectfully requests that this motion be granted.

                                                                                                                               Respectfully submitted
                                                                                                                               FAHAD FAKRUDIN ABDULKADIR
                                                                                                                               BY CO-COUNSELS

_____-s-_____
Douglas A. Steinberg, Esq.
VSB # 39333
Attorney for Mr. Abdulkadir
Law Offices of Douglas A. Steinberg
107 North Payne Street
Alexandria, Virginia  22314
Tel (703) 683-5328
Fax (703) 684-1482
dasteinberg@comcast.net

_____-s-_____
Damon D. Colbert, Esq.
Virginia State Bar No. 46760
Attorney for Mr. Abdulkadir
 Law Office of Damon D. Colbert
1180 Cameron Street
Alexandria, Virginia 22314
Phone: (571) 250-0000
Fax: (703) 348-6345
Email: damon@colbertlegal.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 7th day of November, 2019, I caused the foregoing document to be served on all counsel of record through the Official Court Electronic Filing System.

_____/s/_____
Douglas A. Steinberg, Esq.
VSB # 39333
Attorney for Mr. Abdulkadir
Law Offices of Douglas A. Steinberg
107 North Payne Street
Alexandria, Virginia 22314
Tel (703) 683-5328
Fax (703) 684-1482
dasteinberg@comcast.net