IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:19-cr-57 (LO) |
| FAHAD FAKRUDIN ABDULKADIR, | |
| Defendant. | |

CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

General Allegations

At all times material to this Criminal Information:

*The Enterprise*

1. The defendant, FAHAD FAKRUDIN ABDULKADIR, was an associate and later became a member of the Reccless Tigers gang, a criminal organization whose members and associates engaged in acts of violence, namely acts involving murder, arson, and assault with a dangerous weapon, as well as acts involving narcotics distribution. The Reccless Tigers operated principally in Fairfax County, Prince William County, and Richmond, Virginia.

2. As used in this criminal information, the term Reccless Tigers includes predecessor and affiliate gangs such as the Asian Boyz (a/k/a ABZ), Young Korean Loks (a/k/a YKL), Korean Dragon Crew (a/k/a KDC), Sons of Gong (a/k/a SOG), Club Tiger, Tiger Side, and Lady Tigers (a/k/a Lady Ts).

3. Members of the Reccless Tigers signified their membership in various ways. Members bore gang tattoos, such as tattoos of a tiger or the initials "RT," which are symbols

associated with the gang. Members at various times wore t-shirts with Reccless Tigers logos and Versace robes. Members also possessed business cards with Reccless Tigers logos. Gang members in written communications often replaced the letters "ck" with "cc," including in the Reccless Tigers name because the letters "ck" are associated with "Crips killer." The Reccless Tigers through its affiliations with the Asian Boyz consider the "Crips" an allied gang.

4. The Reccless Tigers adopted many traditional gang customs and rules. Gang members were required to complete an initiation process and were "jumped in" prior to joining the gang. This involved being beaten by a number of other gang members. Members were expected to participate in fights on behalf of the gang. If a gang member failed to participate, then the member was later punished. Gang members were also expected to go on "missions," such as retaliatory assaults and fire bombings.

5. The Reccless Tigers communicated to gang members and their associates that they engaged in four levels of violent retribution against anyone for disrespecting other gang members (including cooperation with authorities), stealing from the gang, or incurring debts to higher level gang members (typically drug debts). The first level of violence involved burglary or vandalism of property belonging to the offending member or gang associate or their family. The second level of violence involved an assault of the offending member. These assaults sometimes occurred in public. The third level of violence involved attempts to burn down the home and/or vehicle of the offending member or gang associate. The final level of violence involved killing a gang member or associate. By promising and carrying out these acts of violence, the Reccless Tigers instilled discipline and fear within the gang and gained valuable "street credit" when dealing with other criminal street gangs and organizations.

6. The Reccless Tigers, including its leaders, members and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of

individuals associated in fact, although not a legal entity, which engaged in, and its activities affected, interstate and foreign commerce. The Reccless Tigers constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

7. The Reccless Tigers, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, offenses involving murder, kidnapping, arson, and robbery, in violation of the laws of the Commonwealth of Virginia; acts indictable under Title 18, United States Code, Sections 1503 (obstruction of justice), 1512 (witness tampering), 1513 (witness retaliation), and 1956 (relating to the laundering of monetary instruments); and acts involving drug trafficking, in violation of Title 21, United States Code, Sections 841, 846, 848(e), 856, 859, 860, 861, and 863.

*Purposes and Objectives of the Reccless Tigers Enterprise*

8. The purposes of the Reccless Tigers enterprise included the following:

(a) Enriching, preserving, expanding, and protecting the power and prestige of the Reccless Tigers through the use of intimidation, violence, and threats of violence, including murder, arson, and assault with deadly weapons, including firearms;

(b) Keeping victims and potential victims in fear of the Reccless Tigers and its members and associates through violence, threats of violence, and intimidation;

(c) Hindering and obstructing efforts of law enforcement to identify, apprehend, and successfully prosecute offending gang members; and

(d) Financially supporting members of the Reccless Tigers through narcotics trafficking.

*Means and Methods of the Reccless Tigers Enterprise*

9.    Among the means and methods by which Reccless Tigers' members and associates conducted and participated in the conduct of the affairs of the enterprise included the following:

(a)    Used intimidation, violence, and threats of violence to preserve, expand, and protect the enterprise's power, prestige, and criminal activities;

(b)    Protected the enterprise and its members from detection, apprehension, and prosecution by law enforcement officers by using violence and threats of violence to dissuade potential witnesses from notifying or cooperating with authorities;

(c)    Promoted the enterprise and its criminal activities through the use of social media websites;

(d)    Trafficked in marijuana and other controlled substances;

(e)    Used Signal, an encrypted messaging service, to discuss gang-related business, including coordinating violent activities; and

(f)    Robbed other drug dealers to obtain cash, firearms, and drugs for re-sale.

## COUNT ONE

(Conspiracy to Commit Kidnapping in Aid of Racketeering Activity)

On or about January 31, 2019, in Fairfax County, Virginia, within the Eastern District of Virginia, and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the Reccless Tigers, and as consideration for the receipt of, and as consideration for a promise or agreement to pay, anything of pecuniary value from the Reccless Tigers, an enterprise engaged in racketeering activity, the defendant, FAHAD FAKRUDIN ABDULKADIR, did knowingly and intentionally combine, conspire, confederate, and agree with Peter Le, Abdullah Abdow Sayf, and others, both known and unknown, to kidnap an individual, in violation of the laws of the Commonwealth of Virginia, specifically, Va. Code §§ 18.2-22 and 18.2-47, and 18 U.S.C. §§ 1201(a)(1).

(In violation of Title 18, United States Code, Section 1959(a)(5))

## COUNT TWO

*(Possession with the Intent to Distribute 50 Kilograms or Less of Marijuana)*

On or about February 9, 2019, in Alexandria, Virginia, within the Eastern District of Virginia and elsewhere, the defendant, FAHAD FAKRUDIN ABDULKADIR, did unlawfully, knowingly, and intentionally possess with the intent to distribute fifty kilograms or less of marijuana, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(D))

## COUNT THREE

*(Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime)*

On or about February 9, 2019, in Alexandria, Virginia, within the Eastern District of Virginia, the defendant, FAHAD FAKRUDIN ABDULKADIR, did knowingly and unlawfully use and carry a firearm, that is, a handgun, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, as charged in Count Two of this criminal information, and did knowingly and unlawfully possess a firearm, that is, a handgun, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, as charged in Count Two of this criminal information.

(In violation of Title 18, United States Code, Section 924(c)(1)(A))

G. Zachary Terwilliger
United States Attorney

By: /s/
James L. Trump
Carina A. Cuellar
Assistant United States Attorneys